IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ABBVIE INC.**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12 C 6920 |
| **SANDOZ INC.**, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

Sandoz Inc. ("Sandoz") has filed its Answer together with some affirmative defenses ("ADs") to the Complaint brought against it by AbbVie Inc. ("AbbVie"). This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

First, Sandoz' counsel -- like some other lawyers who haven't thought the matter through -- couples each of its numerous Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers (Answer ¶¶ 4, 7, 11, 12, 18, 19, 22, 23, 25, 27, 28, 30, 32, 34, 36, 44, 49, 51 and 58) with the assertion "and therefore denies such allegation" or "all such allegations." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

As for Sandoz' ADs, in part they are at odds with the basic principle underlying Rule 8(c) and the caselaw applying that Rule that requires the allegations of a complaint, including reasonable inferences, to be accepted as gospel for AD purposes -- see also App'x ¶ 5 to <u>State</u>

Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). And there are other flaws as well. Thus:

1. AD 1 is trumped by the reasonable inference from AbbVie's Complaint allegations that Sandoz had reason to be aware of AbbVie's prospective economic advantage or business opportunity with Novation LLC.

2. AD 2 misses the point that the tort of interference with prospective economic advantage or business opportunity may properly be predicated on conduct that also gives rise to a claim for breach of contract.

3. ADs 3 through 5 are framed in overgeneralized fashion. If Sandoz wishes to pursue any of those ADs, it must flesh them out and advance them by appropriate motion, rather than having them sit there like potential time bombs that may disrupt the litigation at some future point.

4. AD 6 advances an unusual form of mitigation-of-damages defense, and it too should be presented early on by an appropriate motion or risk being forfeited.

5. AD 7 flatly contradicts AbbVie's allegations in Complaint ¶ 1.

6. Sandoz neither gains nor loses anything by its AD 8. If, as and when any further ADs become available to it, it will have to advance those by motion.

All of the oxymoronic phrases in Sandoz' Answer are stricken, as are all of its ADs. Sandoz is however granted leave to file appropriate ADs as an amendment to its Answer on or before January 22, 2013.

                                                              _____
                                                              Milton I. Shadur
                                                              Senior United States District Judge

Date: January 8, 2013